UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| NICK MUTAFIS | ) | |
| Plaintiff, | ) | |
|  | ) | Civil Action No. _____ |
| -vs- | ) | Hon. _____ |
| DETROIT POLICE OFFICER SARAH MARKEL, individually and in her official capacity, And OFFICER VADEN COOK, individually and in his official capacity, | ) | |
| Defendants. | ) | |

_____

GEOFFREY N. FIEGER (P30441)
JONATHAN R. MARKO (P72450)
Fieger, Fieger, Kenney & Giroux, P.C.
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
248-355-5555
j.marko@fiegerlaw.com

_____

**COMPLAINT AND JURY REQUEST**
_____

NOW COMES the above named Plaintiff, by and through his attorneys, Fieger, Fieger, Kenney & Giroux, P.C., and for his Complaint against the above-named Defendants, state as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 USC §1983 and 1988, and the 4th and 14th Amendments to the United States Constitution, and under the statutes and common law of the State of Michigan against Defendants.

2. This lawsuit arises out of events occurring within the City of Detroit, County of Wayne, State of Michigan.

3. Jurisdiction is based upon 28 USC § 1331, 1332, 1343, and 1367.

4. Venue is proper under 28 USC § 1391(b).

## PARTIES

5. Plaintiff NICK MUTAFIS (hereinafter Nick) is a citizen of the State of Michigan and resides in Livonia, Michigan.

6. Upon information and belief, the individually named Defendant OFFICER SARAH MARKEL is a citizen of the state of Michigan and, at all times relevant to this lawsuit, was employed as a police officer for the City of Detroit Police Department.

7. Upon information and belief, the individually named Defendant OFFICER VADEN COOK, Badge #933, is a citizen of the State of Michigan and, at all times relevant to this lawsuit, was employed as a police officer for the City of Detroit Police Department.

## COMMON FACTUAL ALLEGATIONS

8. Nick enlisted in the United States Army in March of 2004 and served as a combat medic in the Army 10th Mountain Division.

9. In January of 2006, Nick started a tour of duty in Afghanistan. He was stationed in northeastern Afghanistan by the Pakistan border, an area heavily fortified by the Taliban and known as the most intense and dangerous theatre in the war.

10. During this tour Nick's convoy came under attack from enemy forces. The Humvee he was riding in was hit by an improvised explosive device. Nick was injured in the attack and was subsequently diagnosed with Post Traumatic Stress Disorder caused by the graphic nature of his experiences in Afghanistan.

11. Nick was discharged from the Army due to his injuries. As a result of his heroic actions and exemplary service the military offered him a Purple Heart.

12. After being discharged Nick came home to the Detroit area where he lives with his wife.

13. In the early morning hours of January 22, 2009, Nick was at a house in Detroit near Burt Rd. and Plymouth Rd.

14. As Nick was leaving the premises he noticed two Detroit Police officers sitting in a cruiser outside of the house. These officers are now known to be the individually listed defendants in this case.

15. Defendants began following Nick as he drove off. Without just cause, Defendants flashed a spot light into Nick's face as he was driving.

16. Due to his experiences during the war, Nick initially thought that he was being shot at and began to panic. Nick drove his vehicle around the block several times at a low rate of speed. Eventually Nick collected himself, stopped his vehicle, put it in park, and placed his hands outside of the vehicle. Defendants slammed their police cruiser into

the rear of Nick's vehicle. Defendant Cook forcibly removed Nick from the vehicle and took him down to his knees at which point Defendant Markel kicked Nick in the face.

17. Defendants began punching and kicking Nick.

18. Defendants handcuffed Nick while he was on the ground and continued to beat him even after he was handcuffed.

19. During this beating, and while he was in handcuffs on the ground, Nick was maced and kicked in his face.

20. Defendants then proceeded to bust the steering column on Nick's vehicle as if to make it appear that the vehicle had been stolen and to justify, after the fact, a reason for the illegal traffic stop.

21. Defendants stated that something to the effect of "What are you doing in a stolen vehicle?", even though Nick's vehicle was not reported stolen.

22. At all relevant times, Nick had the proper paperwork for his vehicle.

23. Defendants knew that Nick had done nothing wrong. Despite this, they charged him with several offenses, including a felony, in an attempt to cover up their improper and illegal actions. The charges were completely bogus.

24. Defendants lied regarding the incident in their police reports to justify their actions. Defendants' statements were inconsistent with a supervising Sergeant who arrived on the scene and contradicted Defendants' representation of the events.

25. Nick was then taken to the 6th Precinct where he was booked.

26. Plaintiff's face was covered in blood and he was severely injured as a result of Defendants actions, so the police took him to DMC Hospital for treatment.

27. Nick was eventually transferred to the Wayne County Jail.

28. Nick's wife came to bail him out and was turned away.

29. Eventually, Nick was released, at which point he went to the VA Hospital for treatment.

30. An internal affairs investigation found Defendants to be at fault in the incident and concluded that they acted improperly. A Judge at the 36th District Court threw out *all* of the bogus charges against Nick.

## COUNT I
### 42 U.S.C. §1983 – VIOLATION OF THE 4th AND 14th AMENDMENTS

31. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

32. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by the Defendants, as well as the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

33. The degree of force used by the Defendants was objectively unreasonable and excessive in light of the circumstances.

34. Defendants unlawfully searched and seized the Plaintiff.

35. The conduct of the Defendants in using excessive force violated Nick's rights under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

36. Defendants initiated allegations of criminal activity against the Plaintiff without probable cause and did so with malice (malicious prosecution).

37. At all times relevant, Defendants, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the 4th Amendment to the United States Constitution.

38. The conduct of the Defendants violated 42 U.S.C. 1983.

39. In violating Plaintiff's constitutional right under the Fourth Amendment, Defendants acted intentionally or with deliberate indifference and/or with reckless disregard of Plaintiff's constitutional rights.

40. The constitutional right which the Defendants violated was clearly established at the time that the violation occurred and a reasonable person in the Defendants' position would have understood that the conduct violated said right.

41. Defendants are therefore not entitled to qualified immunity.

42. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

    a. Head trauma;

    b. Permanent scarring;

    c. Physical pain and suffering and discomfort, past, present and future;

    d. Mental anguish;

    e. Fright and shock;

    f. Denial of social pleasures and enjoyment;

    g. Embarrassment, humiliation or mortification;

      h.      Medical bills and expenses;

      i.      Other economic loss;

      j.      Any and all injuries later discovered or otherwise allowed under Michigan law.

43. By virtue of the Defendants' actions, Plaintiff is entitled to recover compensatory and punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under Michigan law.

Respectfully Submitted,

/s/ Jonathan R. Marko
GEOFFREY N. FIEGER (P30441)
JONATHAN R. MARKO (P72450)
Fieger, Fieger, Kenney & Giroux, P.C.
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555
j.marko@fiegerlaw.com

Dated: August 1, 2011

## REQUEST FOR JURY TRIAL

Plaintiff, by and through his attorneys, Fieger, Fieger, Kenney & Giroux, P. C., hereby request a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ Jonathan R. Marko
GEOFFREY N. FIEGER (P-30441)
JONATHAN R. MARKO (P-72450)
Fieger, Fieger, Kenney & Giroux, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555
j.marko@fiegerlaw.com

Dated: August 1, 2011