UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICK MUTAFIS,

    Plaintiff,

v.

DETROIT POLICE OFFICER
SARAH MARKEL and OFFICER
VADEN COOK,

    Defendants.
_____/

Case No. 11-13345
Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANT VADEN COOK'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS DR. AARON WESTRICK

This civil rights action arises from Defendants' stop and seizure of Plaintiff on January 22, 2009. The matter currently is scheduled for trial beginning January 16, 2013. Presently before the Court is Defendant Vaden Cook's motion *in limine* to exclude the testimony of Plaintiff's expert witness, Dr. Aaron Westrick, filed pursuant to Federal Rules of Evidence 403, 702, and 704 on December 19, 2012. The motion has been fully briefed. For the reasons that follow, the Court grants Defendant Cook's motion.

**Factual and Procedural Background**

According to Plaintiff's Complaint, he left his home in Detroit and entered his vehicle early in the morning of January 22, 2009. (Pl.'s Compl. ¶¶ 13, 15.) As he was doing so, Plaintiff noticed two Detroit police officers sitting in a cruiser outside his home. (*Id.* ¶ 14.) The officers followed Plaintiff in their cruiser as he drove away. (*Id.* ¶ 15.)

Plaintiff drove his vehicle around the block several times. (*Id.* ¶ 16.) Plaintiff claims that, due to his experience as a combat medic in the United States Army serving in Afghanistan, he though he was being shot at and panicked. (*Id.* ¶¶ 8, 9, 16.) According to Plaintiff, he "eventually . . . collected himself, stopped his vehicle, put it in park, and placed his hands outside of the vehicle." (*Id.* ¶ 16.) Plaintiff alleges that Defendant Cook "slammed the[] police cruiser into the rear of [his] vehicle" and then "forcibly removed [him] from the vehicle and took him down to his knees." (*Id.*) Plaintiff further alleges that Defendant Markel then kicked him in the face and that Defendants began punching and kicking him and maced him, even after he was handcuffed. (*Id.* ¶¶ 16-19.)

Plaintiff claims that Defendants then punched the steering column on his vehicle to make it appear stolen and to justify what he claims was an illegal traffic stop. (*Id.* ¶ 20.) Defendants then arrested Plaintiff and charged him with several offenses (including a felony), which he claims were bogus. (*Id.* ¶ 22.) After an internal affairs investigation concluded that Defendants acted improperly in their dealings with Plaintiff, the charges against him were dismissed. (*Id.* ¶ 30.)

On August 1, 2011, Plaintiff filed the instant action alleging a single count under 42 U.S.C. § 1983. Plaintiff asserts that Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution when they stopped and seized him without probable cause and used excessive force against him. He alleges that he has suffered physical and mental damages as a result of Defendants' conduct and seeks compensatory and punitive damages. As previously indicated, the matter is scheduled for

trial on January 16, 2013.

Plaintiff has identified Aaron Westrick, Ph.D., an expert in "law enforcement," as a trial witness. Plaintiff provided Defendants with a copy of Dr. Westrick's written report. (*See* Def. Cook's Mot. Ex. 1.) On December 19, 2012, Defendant Cook filed the pending motion to exclude Dr. Westrick's testimony. Defendant Cook contends that Dr. Westrick's proffered opinions and potential testimony are redundant, highly prejudicial, contain improper legal conclusions, and will not assist the trier of fact.

## Applicable Law

Pursuant to the Federal Rules of Evidence, relevant evidence is admissible but may be excluded

> if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Federal Rule of Evidence 702 specifically addresses the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable, principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The United States Supreme Court has instructed that Rule 702 requires district courts to ensure that expert testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 2799 (1993). The rule imparts a "gatekeeping" responsibility on district courts to exclude unreliable and irrelevant expert testimony from trial. *Hardyman v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 260 (6th Cir. 2001) (quoting *Daubert*, 509 U.S. at 597, 113 S. Ct. at 2798).

As subsection (a) to Rule 702 provides, to be admissible, expert testimony must assist the trier of fact in understanding the evidence or determining a material fact in question. Fed. R. Evid. 702(a); *see also Daubert*, 509 U.S. at 592-93, 113 S. Ct. at 2796. Expert evidence is not helpful and is improperly admitted when it addresses matters within the understanding or common knowledge of the average juror or invades the province of the jury. *See United States v. Thomas*, 74 F.3d 676, 684 n. 6 (6th Cir.1996), abrogated on other grounds by *Morales*, 151 F.3d 500. As succinctly stated by the Sixth Circuit in *Berry v. City of Detroit*: "If everyone knows [a particular fact], then we do not need an expert because the testimony will not 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" 25 F.3d 1342, 1350 (6th Cir.1994) (quoting Fed. R. Evid. 702). Expert testimony based on scientifically valid principles will satisfy Rule 702; whereas, "an expert's subjective belief or unsupported speculation will not." *Smelser v. Norfolk S. Ry. Co.*, 105 F.3d 299, 303 (6th Cir.1997) (citation omitted), abrogated on other grounds by *Morales v. American Honda Motor Co.*, 151 F.3d 500 (6th

Cir.1998)).

Federal Rule of Evidence 704 abolishes the "ultimate issue" rule which precluded opinion testimony merely because it embraced an ultimate issue. Fed. R. Evid. 704 ("An opinion is not objectionable just because it embraces an ultimate issue."). However, the Advisory Committee Notes specifically warn that the rule "does not lower the bar so as to admit all opinions," because "[u]nder Rule 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time." The notes go on: "These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . ."

Applying the above rules and standards, courts have permitted qualified experts to testify about discrete police-practice issues when their testimony will aid the trier of fact. *See Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 908 (6th Cir. 2004). In *Champion*, the Sixth Circuit concluded that the trial court did not err in allowing the plaintiff's expert to testify in a civil rights action alleging that officers used excessive force where the witness testified about "the continuum of force employed by officers generally, the specific training the [defendant] Officers received, and [the expert's] opinion that if the witnesses' testimony is credited, the Officers' actions violated nationally recognized police standards governing excessive force." *Id*. at 908. In contrast, in *Berry v. City of Detroit*, the Sixth Circuit held that the district court erroneously admitted expert testimony opining that certain conduct by the defendant amounted to "deliberate indifference," concluding that it improperly expressed the

5

ultimate legal conclusion at issue in the case. 25 F.3d 1353-54. The court explained: "'[D]eliberate indifference' is a legal term, as the questioning of [the expert] indicated. It is the responsibility of the court, not testifying witnesses, to define legal terms. The expert's testimony in this regard invaded the province of the court." *Id*. at 1353.

In *Berry*, the Sixth Circuit relied on the Second Circuit's decision in *Hygh v. Jacobs*, 961 F.2d 359 (1992), an excessive force case. The trial testimony the Second Circuit found "troubling" in *Hygh* was the opinion expressed by the Plaintiff's expert that the defendant's conduct was not "justified under the circumstances," not "warranted under the circumstances," and "totally improper." *Hygh*, 961 F.2d at 364. The court reasoned:

> Even if a jury were not misled into adopting outright a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard– explicit or implicit– to the jury. *See Andrews v. Metro N. Commuter R.R.*, 882 F.2d 705, 709 (2d Cir.1989); *FAA v. Landy*, 705 F.2d 624, 632 (2d Cir.), cert. denied, 464 U.S. 895, 104 S.Ct. 243, 78 L.Ed.2d 232 (1983). Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury.

*Id*.

## Analysis

It is important to note as an initial matter that, for purposes of his motion, Defendant Cook does not challenge Dr. Westrick's qualifications. (Def. Cook's Br. in Supp. of Mot. at 5 n.1.) Defendant Cook also does not dispute that an expert could provide his or her opinions on "discrete police-practice" issues, such as proper conduct or

procedure. (*Id*. at 5, 8.) The problem, however, as Defendant Cook correctly points out, is that the opinions offered in Dr. Westrick's report do not address such issues.

Instead, Dr. Westrick offers only a version of the facts using strong adjectives favoring Plaintiff and states an opinion regarding the officers' conduct that is not helpful to the jury and is purely speculative. His opinions also contain impermissible legal conclusions. For example, Dr. Westrick opines:

> • "The police then slammed their patrol unit into the rear of [Plaintiff's] van."
>
> • "The criminal and departmental violations committed by the defendant officers Cook and Markel are evident."
>
> • "In my twenty four years of reviewing law enforcement (use-of-force) cases, this case is the most grievous example of law officer partner collaboration to violate a citizen's rights."
>
> • "The first rule of a functioning law enforcement officer in the criminal justice system is honesty. Without honor amongst officers recognizing their role as the, "gateway into the criminal justice system" citizens rights are violated and they get hurt."
>
> • "This case was not a mistake. It was a disgusting moral failing of both police officers that reflects on a wayward police officer culture."
>
> • "In review of this case it appears the training of these officers is either amiss or not understood by the defendant officers."
>
> • "In this case honest and reasonable officer action was almost completely absent."
>
> • "Officer Markel used excessive force in the application of pepper spray to the citizen that had been beaten down by her and Officer Cook. Only with the arrival of a superior officer did the excessive force cease."

(*Id*. Ex. 1.) It is important to stress that these are only examples of the opinions offered

by Dr. Westrick that would be improper to admit at trial. There is little, if any, content in the approximate two page "Opinion" section of his report that is admissible under the Federal Rules of Evidence.

Plaintiff argues that Defendant Cook's objections to Dr. Westrick's opinions are not "a valid *Daubert* inquiry" because "the Court in *Daubert* declared that the 'focus, of course, must be solely on principles and methodology, not on the conclusions they generate.'" (Pl.'s Resp. Br. at 9, quoting *Daubert*, 509 U.S. at 595, 113 S. Ct. at 2797.) However, as the previous section illustrates, Plaintiff misconstrues the Supreme Court's statement. *Daubert* expressly instructs that expert testimony must be reliable *and* relevant. 509 U.S. at 597, 113 S. Ct. at 2799. Such testimony also must satisfy the Federal Rules of Evidence, specifically Rules 403, 702, and 704. In other words, the expert's opinion evidence must be helpful to the trier of fact, its probative value must outweigh the danger of unfair prejudice, it must not waste time or needlessly present cumulative evidence, and it may not merely tell the jury what result to reach. *See* Fed. R. Evid. 403, 702, 704. The opinions in Dr. Westrick's report do not satisfy these requirements.

Dr. Westrick's opinion testimony is significantly distinguishable from the testimony of the experts in the cases Plaintiff cites in his response brief. As indicated above, the expert in *Champion* testified concerning specific police procedures and practices relevant to the case and opined on whether the defendants' actions complied with nationally recognized police standards governing excessive force. 380 F.3d at 908.

Experts were allowed to similarly testify in three additional cases Plaintiff cites: *United States v. Mohr*, 318 F.3d 613, 623-24 (4th Cir. 2003) (affirming admissibility of expert testimony regarding standard police practices regarding the use of a K-9 and whether it was reasonable to do so under the circumstances of the case); *Kladis v. Brezek*, 823 F.2d 1014, 1019 (7th Cir. 1987) (finding no error in the district court's allowance of a police expert's testimony as to the proper level of force to be used by police in various situations); *Samples v. City of Atlanta*, 916 F.2d 1548, 1551 (11th Cir. 1990) (affirming the trial court's admission of "use of force" expert's opinion that the defendant officer's discharge of his firearm was reasonable when the plaintiff charged him with a knife because "the manner in which the expert answered the question, properly informed the jury that the expert was testifying regarding prevailing standards in the field of law enforcement.").

In *Calusinki v. Kruger*, 24 F.3d 931 (7th Cir. 1994), the defendants' expert explained "the proper procedures used by law enforcement officials to restrain arrestees who resist arrest" and "opined that the defendants' actions were well within proper guidelines for use of force by the police." *Ibid*. at 937. The Tenth Circuit in *Zuchel v. City & County of Denver*, 997 F.2d 730 (1993), found no error in the trial court's admission of an expert's testimony in which the expert stated his "views only on whether [the defendant officer]'s conduct violated standard police practices." *Id*. at 742. Significant to the pending matter, the circuit court distinguished its prior decision in *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988), where the court had found error in the admission of an expert witness' testimony offering only an "array of legal conclusions

9

touching upon nearly every element of the plaintiff's burden of proof." *Zuchel*, 997 F.2d at 742-43.

## Conclusion

In short, this Court agrees with Defendant Cook that the opinions stated in Dr. Westrick's report are not admissible at trial pursuant to Federal Rules of Evidence 403, 702, and 703.

Accordingly,

**IT IS ORDERED**, that Defendant Vaden Cook's Motion *in limine* to Exclude Testimony of Plaintiff's Expert Witness Dr. Aaron Westrick is **GRANTED**.

Dated: January 9, 2013              s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
James S. Craig, Esq.
Jonathan R. Marko, Esq.
Michael G. Vartanian, Esq.
Marion R. Jenkins, Esq.